UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KENDRA L. O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:24-cv-02165-MMM |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff proceeds pro se under 42 U.S.C. § 1983 on claims that Defendants have miscalculated her sentence and release date. The Court found her initial complaint, and amended complaint, did not state a claim. Merit Review Orders (Docs. 23, 26). Plaintiff was allowed another opportunity to amend. Her Motion for Leave to Amend (Doc. 28) filed 12/23/24 is granted.

The case is now before the Court for a merit review of Plaintiff's Second Amended Complaint. The Court must "screen" Plaintiff's complaint, and through that process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory

statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff again alleges that Defendants miscalculated her sentence. She alleges that this miscalculation resulted in her initially being approved for placement at a work release IDOC facility, and that she was then remanded back to prison at Logan Correctional Center after IDOC staff recalculated her release date. She alleges she lost her work release job. She alleges she lost the ability to continue earning good time credits as well.

She adds the allegation that when she was at Decatur Correctional Center flashing lights from fire alarms cause her to suffer seizures, causing her to injure her head, and that she now suffers migraines, and she does not want to suffer seizures from the fire alarms.

First, Plaintiff's claim related to calculation of her sentence simply have not yet accrued and must be dismissed without prejudice. *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). The Court elaborated on this issue in its initial Merit Review Order and refers Plaintiff to the discussion there.

Next, regarding Plaintiff's claim that she was denied work release and denied the ability to continue to earn good time credit, her allegations do not state a claim. Plaintiff does not allege that any good time credits she had earned were revoked without notice and a hearing, but rather complains about her lost opportunity to continue to earn more credits. That claim is not actionable. Good-time credits that have yet to be awarded are

not liberty interests protected by the Due Process Clause. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001).

Finally, as to her allegations that she was transferred back to Logan, and now apparently also Decatur, where the conditions are less favorable, an inmate does not have a protected liberty interest to be housed in any particular correctional center within the state prison system. *See Lekas v. Briley*, 405 F.3d 602, 609 (7th Cir. 2005) ("[A] prisoner may be transferred from one state prison to another without implicating the inmate's liberty interest—even where the conditions of the destination prison are "much more disagreeable" than those of the originating prison." (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976))); *see also Kemp v. Liebel*, 877 F.3d 346, 354 (7th Cir. 2017) ("[A]n inmate has no right to remain at a particular facility under the Due Process Clause."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process right to the correctional facility of his choice."). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). And a prisoner does not suffer a deprivation of liberty where, they are "unable to participate in prison programs, educational programs, and work programs; [lose] prison employment, wages, contact visits, telephone privileges, visits from clergy, and access to church; and [are] allowed fewer visits from family, exercise privileges, commissary privileges, personal possessions, and audio/visual items." *Lekas v. Briley*, 405 F.3d 602, 605, 613 (7th Cir.

2005); *Antonelli*, 81 F.3d at 1431 ("[P]articpation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee.").

Plaintiff has also pursued other litigation related to her seizures. But the simple allegation that fire alarm lights triggered an unwanted seizure does not state a claim.

Plaintiff's second amended complaint fail to state a claim.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Leave to Amend [28] is GRANTED. Clerk to docket second amended complaint.**
2) **Plaintiff's second amended complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff has been allowed multiple opportunities to amend. The core of her claims remains that her sentence has been miscalculated. But as explained by the Court, that claim has not yet accrued and so her suit cannot proceed on that claim at this time. The Court finds that further attempts to amend would be futile. Plaintiff's suit is therefore dismissed without prejudice for failure to state a claim. Judgment to enter for Defendants.**

Entered this 27th day of December, 2024.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
